Susan Carlsen
104 Segovia Way
Jupiter FL 33458

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.

SEP 17 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

| Susan Carlsen | Case # 10-80987-CIV-Vitunac |
|---|---|
| Plaintiff, | |
| vs. | MOTION FOR RULE 11 SANCTIONS |
| GMAC Mortgage | |
| Defendant | Date: September 17, 2010 |

PLAINTIFF'S MEMORANDUM IN

SUPPORT OF MOTION FOR RULE 11 SANCTIONS

Plaintiff asks the court to impose sanctions against Ann T. Taylor, counsel for Defendant, hereinafter referred to counsel for Defendant, for filing Defendants Answer in violation of Federal Rule of Civil Procedure 11(b).

A. Introduction

1. Plaintiff is Susan Carlsen defendant is GMAC Mortgage .

2. Plaintiff sued defendant for numerous violations including but not limited to violations of the Truth In Lending Act, The Real Estate Settlement Procedures Act, The Home equity Protection Act, Fraud, Common law Fraud, Breach of Fiduciary duties, .Et Al.

3. On _____ counsel for Defendant filed defendants answer.

B. Argument

5. The court may impose sanctions on a party, an attorney, or a law firm, for presenting a pleading, written motion, or other paper for an improper purpose, such as to harass or cause

198 unnecessary delay or expense. Fed. R. Civ. P. 11(b)(1), (c)(1). Also, the court may impose
199 sanctions on a party, an attorney, or a law firm, for presenting a pleading, written motion, or
200 other paper that includes any of the following: (1) claims, defenses, or contentions not
201 warranted by existing law or by a good-faith argument for extending, modifying, or reversing
202 existing law or for establishing new law; (2) allegations that do not have, or are unlikely to have
203 after a reasonable investigation, evidentiary support; or (3) denials unwarranted by the evidence.
204 Fed. R. Civ. P. 11(b)(2)-(4), (c)(1).

205   6. counsel for Defendant's filing of "Defendants Answer" violated Rule 11 because
206 counsel for Defendant filed the document for an improper purpose, such as to harass, cause an
207 unnecessary delay, or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1);
208 *Mercury Air Group, Inc. v. Mansour*, 237 F.3d, 542, 548 (5th Cir. 2001). Specifically, the
209 answer or affirmative defenses make bold allegations that claims are stated improperly, claims
210 are time barred due to limitation on statutory procedure, and that the court lacks jurisdiction over
211 the Defendant. However, the Defendant failed to offer any further information as to HOW her
212 defenses are justified, or how Plaintiff specifically failed to meet Federal Rules of Civil
213 Procedure. This is seemingly a waste of time, and intentionally done to cause unnecessary delay,
214 and cost to the Plaintiff.

215   7. Before imposing sanctions, the court should determine whether the party or the attorney
216 made a reasonable inquiry into the facts or the law before signing and presenting the document.
217 *See* Fed. R. Civ. P. 11(b); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1364-65 (9th
218 Cir. 1990). The court should impose sanctions against counsel for Defendant because she did
219 not make a reasonable inquiry into the facts or law before filing the answer. She offered no court
220 cases, information, rules or procedures as to how, or what specifically failed to meet the criteria
221 she uses as a defense.

222   8. The court should impose the following sanctions: Monetary Sanctions, and Striking Of
223 Pleadings of the defendant. The requested sanctions are sufficient to deter repetition of the
224 sanctionable conduct. Fed. R. Civ. P. 11(c)(4); *Fries v. Helsper*, 146 F.3d 452, 458-59 (7th Cir.
225 1998). Plaintiffs suit makes very strong claims and allegations, which can be proved through
226 discovery, and demands that his complaint be taken seriously. Counsel for Defendant failed to
227 address the suit with specificity, and by the court allowing sanctions in this case, the counsel will
228 take the case with serious intention.

C. Conclusion

9. Defendants answer failed to address with specificity, as to why the defenses counsel for Defendant used, were valid. They are wasting the time of the Plaintiff and the Court, and are shadowing the seriousness of the case at hand. For these reasons, Plaintiff asks the court to impose sanctions of a monetary amount to be determined by the court, and a Striking of Defendants answer in its entirety.

Respectfully Submitted,

_____
Susan Carlsen

9-17-10

Notary Public State of Florida
Beth A Rhoads
My Commission DD702117
Expires 08/05/2011

<pre>
262                              VERIFICATION
263
264
265   I, Susan  Carlsen, do swear and affirm that all statements made herein are true and accurate, in
266   all respects, to the best of my knowledge.
267   Susan  Carlsen
268   104 Segovia Way
269   Jupiter ,FL 33458
270
271   _____
272   Susan  Carlsen
273
274
275   SWORN TO AND SUBSCRIBED BEFORE ME, Beth A. Rhoads, by Susan Carlsen
276   _____, on the  17  day of  September , 2010, which witnesses my hand and seal of office.
277
278                           _____
279                           NOTARY PUBLIC IN AND FOR
280                           THE STATE OF FLORIDA
</pre>

Notary Public State of Florida
Beth A Rhoads
My Commission DD702117
Expires 08/05/2011

CERTIFICATE OF SERVICE

I, Susan Carlsen, do swear and affirm that I have served a signed copy of this Response to Rule 12 motion & Motion For Sanctions to any and all defendants by way of U.S.P.S. Certified mail # 7009 2250 0001 5190 0232 and return receipt, regular mail, and via facsimile # 561-694-9004, and noticed by telephone On the 17th day of September, 2010..

*Susan Carlsen* (signature)

Susan Carlsen
104 Segovia Way
Jupiter FL 33458

The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that he/she executed the same in his authorized capacity and that by his signature on this instrument who is the person who executed this instrument.

I certify under PENALTY OF PERJURY under the laws of this State that the foregoing paragraph is true and correct.

Witness my hand and official seal.

_(notary signature)_

**NOTARY PUBLIC IN AND FOR
THE STATE OF FLORIDA**

Notary Seal

Notary Public State of Florida
Beth A Rhoads
My Commission DD792117
Expires 08/05/2011

RESPONSE TO RULE 12 MOTION  &   MOTIONS FOR SANCTIONS                    12 of 14