## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| SUSAN CARLSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-80987-Ryskamp/Vitunac |
| | ) | |
| GMAC MORTGAGE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS

**COMES NOW** GMAC Mortgage, LLC ("GMACM"), through counsel, and for its response in opposition to Plaintiff's Motion for Rule 11 Sanctions, states the following:

1.      On September 17, 2010, Plaintiff Susan Carlsen ("Plaintiff" or "Carlsen") filed a motion for sanctions on the basis that Defendant filed an Answer in violation of Federal Rule of Civil Procedure 11(b).  Specifically, Plaintiff alleges that Defendant's "answer or affirmative defenses make bold allegations that claims are stated improperly, claims are time barred due to limitation on statutory procedure, and that the court lacks jurisdiction over the Defendant." (Motion, ¶ 6, Doc. 16).

2.    Defendant denies these assertions and questions whether Plaintiff filed her motion in good faith, given that Defendant has not file an answer or asserted any affirmative defenses in this action.  Rather, on September 16, 2010, Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Contrary to Plaintiff's assertion, nowhere in the Motion to Dismiss did Defendant argue that it is not subject to this Court's jurisdiction. Accordingly, it is reasonable to wonder whether Plaintiff actually reviewed Defendant's motion prior to filing her motion for sanctions.

3.    Moreover, it would be unfair to conclude that Defendant's Motion to Dismiss was not warranted by existing law, given that the Court, *sua sponte*, dismissed Plaintiff's Complaint without prejudice on the grounds that Plaintiff's Complaint was deficient under Rule 8 of the Federal Rules of Civil Procedure. (9/3/10 Order of Dismissal, Doc. 8).

4.    Furthermore, Plaintiff's request that the Court strike Defendant's answer is moot given that (1) Plaintiff's original Complaint was dismissed; (2) Defendant never filed an answer or affirmative defenses; (3) the Court already denied Defendant's Motion to Dismiss; and (4) Plaintiff filed her More Definite Statement, i.e., amended complaint, on September 29, 2010.  (9/16/10 Order, Doc. 13; More Definite Statement, Doc. 14).   Therefore, any pleading filed by

Defendant prior to September 29, 2010 would be moot without the necessity of sanctions.

WHEREFORE, premises considered, Defendant respectfully requests the Court to enter an Order denying Plaintiff's Motion for Rule 11 Sanctions. Defendant requests any other relief to which the Court may deem Defendant entitled.

/s/ Ann T. Taylor
D. Brian O'Dell (Florida Bar #0659665)
Christian W. Hancock (Bar #0643521)
Ann T. Taylor (Florida Bar #0037228)
**Bradley Arant Boult Cummings LLP**
1819 Fifth Avenue North
Birmingham, Alabama  35203
Telephone:  (205) 521-8218
Facsimile:  (205) 488-6218
bodell@babc.com
chancock@babc.com
ataylor@babc.com

*Attorneys for Plaintiff GMAC Mortgage, LLC*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing is being forwarded via U.S. Mail, postage prepaid, to:

> Susan M. Carlsen
> 104 Segovia Way
> Jupiter, FL 33458

on this the 5th day of October, 2010.


___/s/ Ann T. Taylor_____
OF COUNSEL