UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80987-Civ-Ryskamp/Vitunac

SUSAN CARLSEN,

    Plaintiff,

v.

GMAC MORTGAGE, LLC.,

    Defendant.
_____/



FILED by ____ D.C.
OCT 07 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Kenneth L. Ryskamp for all pretrial proceedings (DE 6). Plaintiff's motion for Rule 11 Sanctions (DE 16) is before the Court.

Plaintiff moves for Rule 11 sanctions against Defendant's counsel (DE 16). In her motion Plaintiff argues that sanctions are warranted because,

> counsel for Defendant's filing of Defendants Answer violated Rule 11 because counsel for Defendant filed the document for an improper purpose, such as to harass, cause an unnecessary delay, or needlessly increase the cost of litigation. . . . Specifically, the answer or affirmative defenses make bold allegations that claims are stated improperly, claims are time barred due to limitation on statutory procedure, and that the court lacks jurisdiction over the Defendant. (DE 16 ¶ 6).

First things first. Defendant has not filed an Answer or leveled any affirmative defenses. The Defendant has however filed a motion to dismiss (DE 11), and the Court will assume this is the document to which Plaintiff refers. Second, the Court has already found that Plaintiff's

1

fails to satisfy Rule 8 pleading standards (DE 8). It would be peculiar, to say the least, if the Court were now to find that Defendant's motion to dismiss, which argues that the Complaint fails to satisfy Rule 8 pleading standards, was frivolous. Of course, Defendant filed its motion to dismiss after Plaintiff had been ordered to file an Amended Complaint, but this is another type of frivolousness, and the Court is not concerned with it.

Lastly, Rule 11 establishes a process that a party must undertake before sanctions are warranted against an opposing party. Subsection (c)(2) details what a party must do:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violated Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2). Plaintiff did not give Defendant 21 days to correct the allegedly frivolous filing.

For the reasons elaborated above, Plaintiff's motion for sanctions (DE 16) is DENIED.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 7 day of October, 2010.

ANN E. VITUNAC
United States Magistrate Judge